UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Federal National Mortgage Association,   Civil No. 13-3000 (DWF/JJK)

          Plaintiff,

v.   **ORDER ADOPTING REPORT AND RECOMMENDATION**

Ly Long, Deng Chang, John Doe, and
Mary Roe,

          Defendants.

This matter is before the Court upon Defendants' objections to Magistrate Judge Jeffrey J. Keyes's December 18, 2013 Report and Recommendation insofar as it recommends that this action be remanded to Minnesota state district court. (Doc. No. 22.) Plaintiff filed a response to Defendants' objections on January 3, 2014. (Doc. No. 24.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendants' objections. Having carefully reviewed the record, the Court concludes that Defendants' objections offer no basis for departure from the Report and Recommendation.

Defendants object to the Magistrate Judge's recommendation that, even assuming subject matter jurisdiction here, the Court should decline to exercise jurisdiction over this

case and remand the matter to state court.  (*See generally* Doc. No. 22.)  Specifically, Defendants argue that where 28 U.S.C. § 1349 confers "automatic" federal question jurisdiction, a federal district court may never abstain from the exercise of such jurisdiction.[1]  (*See id.* at 2-3.)  Plaintiff, meanwhile, contends that remand on its eviction claim is proper; Plaintiff requests, however, that Defendants' counterclaims be severed in order to be adjudicated by this Court.  (Doc. No. 24.)  The undersigned ultimately agrees with the Magistrate Judge's determination and finds that, despite Defendants' counterclaims,[2] at its core, this case is an eviction action best handled by the appropriate state district court.  *See, e.g., Fed. Nat'l Mortg. Ass'n v. Gear-Fleury*, Civ. No. 13-2389, 2014 WL 468202, at *2 (D. Minn. Feb. 6, 2014) (finding that severance "would be at odds with convenience and judicial economy, and would result in unnecessary claim-splitting across state and federal courts").

---

[1]  This argument has been considered and repeatedly rejected by courts in this district.  *See, e.g., Gear-Fleury*, 2014 WL 468202, at *1; *Fed. Nat'l Mortg. Ass'n v. Torborg*, Civ. No. 13-1522, 2013 WL 5567450 (D. Minn. Oct. 9, 2013); *Fed. Nat'l Mortg. Ass'n v. Guevara*, Civ. No. 13-3603, 2014 WL 300985 (D. Minn. Jan. 27, 2014); *Fed. Nat'l Mortg. Ass'n v. Bullock*, Civ. No. 13-1202, 2014 WL 223445 (D. Minn. Jan. 21, 2014); *Fed. Home Loan Mortg. Ass'n v. Ville*, Civ. No. 13-2136, 2014 WL 300948 (D. Minn. Jan. 28, 2014); *Fed. Nat'l Mortg. Ass'n v. Diaz*, Civ. No. 13-1473, 2014 WL 127113 (D. Minn. Jan. 14, 2014).  The Court rejects Defendants' argument once again here.

[2]  Defendants' counterclaims arise from the same facts underlying the eviction claim—they concern the same property and the validity of title to it, and require the application of Minnesota state law.  *See, e.g., Gear-Fleury*, 2014 WL 468202, at *2.  The Court makes no findings, however, as to whether such counterclaims are adequately pled or otherwise actionable.

The Court, however, must first consider sua sponte and resolve the issue of whether it has subject matter jurisdiction over this action. *See Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010); *Fed. Home Loan Mortg. Corp. v. Briggs*, -- Fed. Appx. --, 2014 WL 750256, at *1 n.2 (8th Cir. 2014) (noting that "a court may not assume hypothetical jurisdiction to decide contested questions of law when its jurisdiction is in doubt"). In light of the relevant considerations, the Court finds that it has subject matter jurisdiction here.[3] *See Fed. Nat'l Mortg. Ass'n v. Xiong*, Civ. No. 13-2906, 2014 WL 988464, at *1 (D. Minn. Mar. 13, 2014) (concluding that the federal district court had subject matter jurisdiction in a similar case). Nevertheless, the Court further concludes, as did Magistrate Judge Keyes, that abstention and remand are appropriate. Consequently, the Court overrules Defendants' objections and remands this matter to state district court.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

[3] Because the Court concludes that it has subject matter jurisdiction over this matter but abstains from exercising jurisdiction, the Court orders that judgment be entered. *See Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012) (noting that 28 U.S.C. § 1447(d) "only bars appellate review of a district court's remand order that is based on a ground specified in 28 U.S.C. § 1447(c)," which means that, while "remand orders based on a procedural defect or lack of subject matter jurisdiction are unreviewable . . . , [a] remand order that is based on some other, non-section 1447(c) ground is a final decision appealable under 28 U.S.C. § 1291").

# ORDER

1. Defendants' objections (Doc. No. [22]) to Magistrate Judge Jeffrey J. Keyes's December 18, 2013 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Jeffrey J. Keyes's December 18, 2013 Report and Recommendation (Doc. No. [19]) is **ADOPTED**.

3. This action is **REMANDED** to the Tenth Judicial District of the State of Minnesota.

4   The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Tenth Judicial District of the State of Minnesota.

5. Plaintiff's Motion to Sever Counterclaims (Doc. No. [12]) is **DENIED AS MOOT**.

6. Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. No. [6]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 9, 2014          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge